DENA DIWINSKY *vs.* LUIGI J. TORTOLANI.

JUNE 23, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action in assumpsit to recover damages for breach of a contract and for defective workmanship in the construction of the plaintiff's dwelling house. The instant case and a companion case, *Tortolani* v. *Diwinsky,* 89 R. I. 283, were tried together before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff. It is here on the defendant's bill of exceptions to the denial of his motion for a new trial and to certain evidentiary rulings.

Although the cases were heard together before us, we have treated them separately. See our opinion filed this day in *Tortolani* v. *Diwinsky, supra.*

The relevant evidence discloses that sometime during the middle of June 1953 plaintiff and her husband talked with defendant and on June 27, 1953 a contract was negotiated between the parties for the construction of a new house on the property of plaintiff and her husband, located on Norwood avenue in the city of Cranston. It was provided that the drawings, specifications and agreement constituted the contract.

The plaintiff agreed to pay $18,300 in four equal installments of $4,575, the first to be paid when the foundation was completed, the second and third as the work progressed, and the fourth and last when the house was entirely completed. The work proceeded smoothly enough and apparently on schedule until the death of plaintiff's husband in August. The first three payments were made in accordance with the contract.

The plaintiff testified that right after she lost her husband the work was suspended. Sometime around January 1954 defendant returned to the job and requested an advance on the final payment to assist him in completing the work. The plaintiff advanced $1,500 but refused to pay

any more until the work was finished. This payment was made on March 30, 1954 and defendant testified that sometime in the following April he took his tools and left the job. It was his contention that because plaintiff refused to pay for extras on the job he was financially unable to complete it and felt justified in refusing to do anything further.

The plaintiff admitted that she requested a change in the location of the fireplace for which defendant was paid $300 in addition to the payments made on the contract. She further admitted that a change from a picture to a bow or bay window and the installation of an ironing board were not within the contemplation of the original contract, but denied that she agreed to pay additional compensation for other changes and additions as claimed by defendant. The record is replete with conflicting testimony on this issue.

After defendant refused to complete the work the plaintiff engaged J. Baccala & Sons Construction Co. and Allie Campopiano, who entered into a joint venture as general contractors to complete the unfinished work on the house and the grounds after defendant refused to complete the contract. Campopiano testified that much work remained to be done, such as the driveway and walks, laying flagstones, exterior painting on the house and garage, substantial cement work, and carpentering and electrical work. He testified that some of the completed work had to be redone because of defective workmanship; that the cost of this work was $4,200 which was paid by plaintiff; and that he did not see the plans or specifications and worked according to plaintiff's instructions. His testimony shows that not all of the work was defective.

The defendant conceded that there was work remaining to be done and testified that he would make allowance for a second coat of paint, dishwasher and garbage disposal unit, flagstones, screens, concrete apron, driveway, iron

handrail, copper spouts and sheet metal. It was his opinion that the cost to plaintiff for the completion of this work would be $1,045. He denied, however, that any of his work was defective.

Representatives of the Arch Lumber Company, Inc. and the Peerless Supply Company testified that the firms for which they worked had placed mechanics' liens on plaintiff's property for materials purchased by defendant for use in the construction of her home and that these proceedings were pending. The total amount of the liens outstanding was $2,700.27. The defendant testified that he had executed promissory notes with the Rhode Island Hospital Trust Company payable to Arch Lumber Company, Inc. and to Peerless Supply Company for payment, which notes were negotiated by the payees with the bank. In this regard he testified that he had not defaulted on any of his payments to the bank. This testimony was corroborated by the witnesses representing the lienors, but they also testified that their respective companies looked to plaintiff's property for security.

Counsel for the parties jointly requested that the jury be asked to make a special finding on the stipulated question: "Shall the Plaintiff, Deena Dewinsky, be awarded the amount of $2700.27, representing the balance due on the liens filed against her real estate by Peerless Plumbing Supply Company and the Arch Lumber Company?" The trial justice instructed the jury that this question was to be answered "Yes" or "No," and that the amount of the liens was to be awarded to the prevailing party who in turn would deposit it with the clerk of the court. The jury answered the question in the affirmative and in addition to the amount of the liens awarded plaintiff $4,300. The trial justice found that the award of $4,300 was excessive and counsel for plaintiff remitted $1,100, whereupon the trial justice permitted the verdict as reduced to stand.

The defendant's bill of exceptions sets forth eighteen exceptions, the first seventeen of which are evidentiary in nature. The first five exceptions relate to the admission by the trial justice of testimony and exhibits establishing the existence of the mechanics' liens claimed by Arch Lumber Company, Inc. and Peerless Supply Company. The defendant contends that this was prejudicial error in that it influenced the jury on defendant's status as a responsible businessman. Whether this argument would have merit in other proceedings is immaterial, since in our opinion defendant waived his exceptions by joining with plaintiff in a request for a special finding of fact on the question of whether or not plaintiff was responsible for the debts represented by the liens. The defendant assisted in framing the question and it was submitted to the jury by stipulation. These exceptions are overruled.

Exceptions numbered 6, 7, 9 and 10 do not appear to be in error in the circumstances of the case, but if in error they were not prejudicial. These exceptions are overruled.

It is to be observed that exception 8 relates to the case of *Tortolani* v. *Diwinsky, supra,* and is not an issue in these proceedings.

The exceptions numbered 11 through 16 were taken to rulings of the trial justice on questions which defendant contends did not constitute proper rebuttal. In our opinion most of these were proper rebuttal and the others were so closely related to that phase of plaintiff's case as to be within the sound discretion of the court. They are not prejudicial and the exceptions are overruled.

Exception numbered 17 is to the denial of defendant's motion for an additur in the case of *Tortolani* v. *Diwinsky, supra,* and is not in issue in these proceedings.

The defendant's last exception is to the denial of his motion for a new trial. We have examined the transcript and we cannot say that the trial justice was clearly wrong. His decision that the verdict was excessive in the amount of

$1,100 does substantial justice between the parties and clearly indicates that he was aware of and performed his duty.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*Charles A. Curran, Leonard Decof,* for plaintiff.

*Ralph Rotondo,* for defendant.